**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

PATRICK NEILL,

      Plaintiff,

      v.

STEPHANIE CLENDENIN, et al.,

      Defendants.

Case No. 1:23-CV-0901 KES SAB (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM, DENYING AS MOOT PLAINTIFF'S REQUESTS FOR CLARIFICATION OF CASE STATUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE

Docs. 8, 12, 13

Patrick Neill is a civil detainee proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  He asserts he suffered violations of his civil rights while housed at the Department of State Hospitals - Coalinga.  *See generally* Doc. 1.  The assigned magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915A(a), found that Neill failed to state a cognizable claim under the Fourteenth Amendment, and found that the alleged "failure to investigate" did not support a due process claim.  Doc. 8 at 6-8.  The magistrate judge found leave to amend was not appropriate, because the identified pleading deficiencies could not be cured.  *Id.* at 8.  The magistrate judge recommended dismissal without leave to amend "for failure to state a cognizable claim for relief."  *Id.*

Neill filed timely objections, disputing the determination that he failed to state a claim and requesting that leave to amend be granted.  *See generally* Doc. 9.  He maintains that he stated a

1

cognizable due process claim based on a general failure to investigate and respond to grievances/complaints. *Id.* at 4-5. However, as the magistrate judge explained, failure to investigate an administrative grievance is not itself a viable claim under Section 1983 and it does not support a claim for a violation of due process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.2003); *see also Pulu v. Costa*, 2024 WL 270104, at *3 (S.D. Cal. Jan. 23, 2024) ("the failure to investigate Plaintiff's grievances[] does not rise to the level of a protected liberty interest" under the Fourteenth Amendment); *Rogers v. Emerson*, 2013 WL 3233498, at *3 (E.D. Cal. May, 17, 2013) (finding the claim for a constitutional violation based upon "failure to investigate" failed because "an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right"). As a result, Neill fails to show legal error in the magistrate judge's analysis.

In accordance with 28 U.S.C. § 636(b)(1), the Court performed a de novo review of the case. Having carefully reviewed the matter, including the objections, the Court concludes the findings and recommendations are supported by the record and proper analysis.

The Court **ORDERS**:

1.    The findings and recommendations issued on August 4, 2023 (Doc. 8), are **ADOPTED** in full.

2.    This action is **DISMISSED** for failure to state a cognizable claim.

3.    Plaintiff's requests for clarification of the proceedings and status (Docs. 12, 13) are denied as **MOOT**.

4.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    March 29, 2026

_____
UNITED STATES DISTRICT JUDGE

2